IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAQUAN BROWN,

    Petitioner,

v.

DANIEL SPROUL,

    Respondent.

Case No. 25-CV-00300-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Jaquan Brown, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

On March 28, 2023, Brown pleaded guilty to Conspiracy to Commit Hobbs Act Robbery (Count 1), Hobbs Act Robbery (Count 2), Attempted Hobbs Act Robbery (Count 6), unlawful Use, Carry, and Brandishing a Firearm During and in Relation to a Crime of Violence (Count 3) and being a Felon in Possession of a Firearm (Count 8)[2] in violation of 18 U.S.C. §§ 371, 924(c), 922(g)(1), 1951, and 1952. *See United*

---

[1] The Court notes that Petitioner did not provide a signature on his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 form in accordance with Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Doc. 1, p. 9). He did, however, sign and date additional page he submitted with the form. (*See id.*, p. 11).

[2] The Court notes that the United States District Court for the Middle District for Tennessee erred on page 2 of Document 153, where it states that being a Felon in Possession of a Firearm charge

*States v. Jaquan Brown*, 3:22-cr-00049-3 (M.D. Tenn. 2023) (Docs. 14, 153). On August 24, 2023, the U.S. District Court for the Middle District of Tennessee sentenced him to a total of 120 months of imprisonment: 36 months of imprisonment on Counts 1,2,6, and 8,[3] to run concurrently with each other, and 84 months on Count 3 to run consecutively with the other counts. *See id.* (Doc. 153). Brown's projected release date is September 5, 2034. *See Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ [https://perma.cc/8F6X-LWUD] (last visited May 1, 2025) (search for BOP Register No. 19412-033).

In his Petition, Brown argues that the Bureau of Prisons ("BOP") failed to give him credit for the time he served in state custody after being sentenced for the above federal offenses. (Doc. 1, p. 10). He argues that there is "ambiguity between his two sentences in state and federal court and that the entire record must be examined[.]" (*Id.*). Brown thus raises one issue: whether or not his time served in state custody was appropriately applied to his current sentence of imprisonment. (*See id.,* p. 10). However, he expressly indicates that he has not appealed the issue to Warden Daniel Sproul at USP Marion or sought any other administrative relief, because doing so would be "futile." (*Id.*, p. 11). He claims that exhausting administrative relief would be pointless because "no administrative remedies are granted based on time credits at the facility he is housed" and because there are allegedly a large number of pending motions in the Southern District of Illinois. (*Id.*).

---

was Count 7—in fact, it was Count 8 of the original indictment. *See United States v. Jaquan Brown*, 3:22-cr-00049-3 (M.D. Tenn. 2023) (Docs. 14, 153).

[3] *See supra* note 1.

The Seventh Circuit has expressly held that "[a] district court has no power to give credit for time served; that authority rests solely with the BOP." *See Kane v. Zuercher*, 344 F. App'x 267, 268 (7th Cir. 2009) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); 18 U.S.C. § 3585; *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)). They have also held that Section 2241 petitioners are required to exhaust administrative remedies before seeking relief in district court. *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999)). As discussed *supra*, Brown expressly states that he did not make any effort to exhaust administrative remedies with BOP prior to filing the instant Petition. (*See* Doc. 1). Brown's failure to do so is controlling here, and compels this Court to dismiss his Petition.

Therefore, for the reasons set forth herein, Jaquan Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

**DATED:   May 1, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
